Bernice **BLACKMON**, Plaintiff–
Appellant,

v.

Kim **HINDREW** and Steven Olson, Statu-
tory Trustees for Citco Contracting
Company, a Defunct Corporation, De-
fendants.

and

**Dealer's Acceptance Corporation,**
**Defendant–Respondent.**

No. 59242.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 10, 1992.

Application to Transfer Denied
March 24, 1992.

Gayle C. Williams, St. Louis, for plain-
tiff/appellant.

Donald J. Sher, St. Louis, for defen-
dant/respondent.

STEPHAN, Judge.

Bernice Blackmon appeals from a trial
court judgment, in favor of Dealer's Ac-
ceptance Corporation, on Blackmon's
breach of contract claim against Dealer's
Acceptance Corporation as assignee of a
note and deed of trust entered into between
Blackmon and Citco Contracting Company.
We affirm.

On September 30, 1985, Blackmon en-
tered into a contract with Citco Contracting
Company for home improvements. Black-
mon agreed to a cash price of $8,800 plus
credit life insurance of $421.33, for a total
of $9,221.33. Additionally, Blackmon
agreed to finance this sum at an annual
percentage rate of 18%, for a total deferred
payment price of $14,044.20, to be paid in
60 monthly installments of $234.07. This
contract contained the following notice:

NOTICE

ANY HOLDER OF THIS CONSUMER
CREDIT CONTRACT IS SUBJECT TO
ALL CLAIMS AND DEFENSES
WHICH THE DEBTOR COULD AS-
SERT AGAINST THE SELLER OF
GOODS OR SERVICES OBTAINED
PURSUANT HERETO OR WITH THE

PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

It also contained the following provisions on the back of the contract, in fine print:

To evidence completion of the work described above Buyer shall upon substantial completion execute a certificate of completion on a form provided by Seller and if more than one person signs this contract each hereby irrevocably appoints the other as his/her agent to sign the completion certificate for seller in order that Seller and/or his assignee may rely on a certificate signed by one such person.

If upon completion Buyer does not execute the completion certificate or does not by the time of said completion execute the note or security therefor as aforesaid, the Total Payments shall be immediately due and payable. Waiver of any default shall not constitute waiver of any subsequent default.

This contract shall inure to the benefit of and bind the heirs, representatives and successors of Buyer and Seller and the payment obligation of Buyer and collection rights of Seller shall inure to the benefit of an assignee of this contract and any future holder of said note. *Buyer agrees not to assert against the assignee of the holder of the note any claim Buyer may have against the Seller.* (Emphasis ours.)

One month later, the parties agreed to a modification of this contract, the specificities of which are not at issue here. Shortly thereafter, Citco began making Blackmon's home improvements. On January 16, 1986, Blackmon signed a document entitled "Completion Certificate". The Completion Certificate included the following provision, which we shall refer to as the non-responsibility clause:

The undersigned understands, certifies and warrants:

The selection of a Contractor or Dealer and the acceptance of the materials used and the work performed is my (our) responsibility. The Dealers Acceptance Corporation does not guarantee the material or workmanship or inspect the work performed.

Citco contracting has furnished all labor and materials as contracted, has installed the same, and completed the work in a manner satisfactory to the undersigned at premises located at 3721 Cook Avenue, 63106.

The undersigned in connection with said transaction has delivered to the above Dealer or Contractor a promisory note dated September 30, 1985. *The undersigned has no defenses, or set-off, or counterclaim against said note;* .... (Emphasis ours.)

On January 22, 1986, Blackmon signed a promisory note promising to pay Citco Contracting Company $14,044.20, in monthly installments of $234.07.[1] That same day, Dealer's Acceptance Corporation purchased Blackmon's promisory note, secured by the deed of trust on her property.

After repeated complaints to both Citco and Dealer's Acceptance Corporation concerning the work performed pursuant to the contract, on May 6, 1988, Blackmon filed suit against Kim Hindrew and Steven Olson, statutory trustees for Citco, a defunct corporation, and against Dealer's Acceptance Corporation, alleging breach of contract claims against each defendant. As to Dealer's Acceptance Corporation, Blackmon reasoned that: (1) Citco assigned its rights under the contract to Dealer's Acceptance Corporation; and (2) as assignee of the contract, Dealer's Acceptance Corporation is liable for the acts and/or ommissions of Citco and/or its agents under 16 C.F.R. part 433.16. By the time Blackmon instituted suit, she had already paid Dealer's Acceptance Corporation, in full.

▌ At the conclusion of the evidence presented at trial, Blackmon made a mo-

---

**1.** Although Blackmon signed this document on January 22, 1986, it is dated September 30, 1985, to reflect the original contract date.

tion, pursuant to Section 509.500, RSMo 1986, to make the pleadings conform to the evidence.[2] The trial judge took both this motion and the cause under submission. On July 16, 1990, the trial court entered a judgment finding in favor of Blackmon, in the amount of $5,000.00 plus costs, as to her claim against Kim Hindrew and Steven Olson, and against her claim against Dealer's Acceptance Corporation. On July 27, 1990, Blackmon filed a motion for partial new trial and amendment of judgment, pursuant to Rules 78.01 and 73.01(a)(3). After more than ninety days passed without a trial court ruling on Blackmon's motion for a new trial, Blackmon filed her notice of appeal, pursuant to Rule 81.08. We note that the trial court never ruled on Blackmon's motion to make the pleadings conform to the evidence. Therefore, pursuant to Rule 81.05, it is deemed denied. It is from the trial court order in favor of Dealer's Acceptance Corporation that Blackmon now appeals.

Review of this court-tried case is governed by Rule 73.01 and the well known principles presented in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). Therefore, the decision of the trial court must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32.

Blackmon raises two points on appeal. First, Blackmon contends that the trial court erred in not finding Dealer's Acceptance Corporation liable under 16 C.F.R. part 433 since Blackmon could affirmatively sue Dealer's Acceptance Corporation under this section. Second, Blackmon argues the trial court erred in not finding Dealer's Acceptance Corporation liable even if the assignment taken was of the note and deed of trust rather than of the contract because Dealer's Acceptance Corporation was aware of the underlying contract transaction and the addition of terms "note and

deed of trust" would not have changed the evidence or issues at trial and liability would still lie under 16 C.F.R. part 433. Dealer's Acceptance Corporation, on the other hand, contends that 16 C.F.R. part 433 does not apply because Missouri enacted its own statutory scheme, Section 408.- 400, RSMo 1986. Dealer's Acceptance Corporation further contends that even if the trial court applied Missouri law, Blackmon could not recover because: (1) Dealer's Acceptance Corporation was not the assignee of the contract, rather it was the assignee of the note and deed of trust; (2) Blackmon did not assert her defense within 90 days; (3) Blackmon cannot affirmatively recover; and (4) Blackmon paid Dealer's Acceptance Corporation in full, thus precluding Blackmon's right to any possible set-off. For reasons not asserted by either Blackmon or Dealer's Acceptance Corporation, we conclude that 16 C.F.R. part 433 does not apply in the case at bar. In reaching this conclusion, we begin with a discussion of the background underlying the enactment of the Federal Trade Commission ("FTC") Rule.

For many years, the doctrine of holder-in-due-course has allowed a holder to demand payments from a consumer for goods or services purchased on an installment plan, even though the seller may unjustifiably refuse to service, repair, or replace the goods or services promised during the sales transaction. On November 14, 1975, the FTC addressed this problem by promulgating a final Trade Regulation Rule, 16 C.F.R. part 433, concerning the Preservation of Consumers' Claims and Defenses. 41 Fed.Reg. at 20022 (1976). Part 433 stipulates that it constitutes an unfair and deceptive practice within the meaning of Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45) for a seller, in the course of financing a consumer purchase of goods or services, to employ procedures which make the consumer's duty to pay

**2.** How Blackmon specifically sought to make the pleadings conform to the evidence is unclear. It appears Blackmon's attorney sought to clarify that Citco *did not* assign its rights under the contract to Dealer's Acceptance Corporation, but rather, assigned its rights under the Note and Deed of Trust. Presumably, Blackmon also sought to clarify that Dealer's Acceptance Corporation, as assignee of the Note and Deed of Trust, is liable for the acts and/or ommissions of Citco and/or its agents under 16 C.F.R. part 433.16.

independent of the seller's duty to fulfill his obligations. 41 Fed.Reg. at 20023. Part 433 preserves the consumer's rights against the seller by requiring sellers to include the following provision or Notice in the text of any consumer credit contract which they execute with the buyer:

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

Additionally, if the seller arranges direct loan financing for his customers, the Rule prohibits the seller from accepting the proceeds of a loan as payment for a sale, unless any loan contract signed by the buyer and the direct lender contains the above notice.

■ For consumer credit contracts in which the Rule requires the Notice, the Notice becomes a part of the agreement between the consumer and the creditor. 41 Fed.Reg. at 20023. The requirement that a contract "contain" the Notice is not satisfied if the text of the Notice is printed in the contract in conjunction with additional recitals which limit or restrict its application. *Id.* Where the text of the Notice is qualified by additional language, the contract fails to "contain" the required Notice. *Id.*

... should the seller for any reason omit the Notice clause, whether through simple lack of knowledge, oversight, uncertainty as to whether it need comply or fear of not finding a creditor willing to assume the risk, the buyers lose the Notice's qualified protection. The buyer is consequently left totally dependent for relief on the applicable statutes and case law in his jurisdiction, which can range from full consumer protection to no protection at all.

Comment, *The FTC's Holder-in-Due-Course Rule: An Ineffective Means of Achieving Optimality in the Consumer Credit Market*, 25 U.C.L.A. 821, 854 (1978). *See also Heastie v. Community Bank of Greater Peoria*, 727 F.Supp. 1133 (N.D.Ill. 1989).

The FTC apparently recognized the shortcoming of 433, because the same day it officially promulgated the rule, it proposed an amendment that would have made it an unfair or deceptive practice for either the seller or the lender to take or receive the credit contract without the required notice. 40 Fed.Reg. 53,530 (1975). *See also Heastie v. Community Bank of Greater Peoria*, 727 F.Supp. 1133 (N.D.Ill. 1989). In September 1979, the FTC approved the revised rule in substance, *see* 44 Fed.Reg. 65,771 (1979), and in November of that same year, it requested comments on certain changes in language. *See* 44 Fed. Reg. 65,771 (1979); *Heastie v. Community Bank of Greater Peoria*, 727 F.Supp. 1133 (N.D.Ill.1989). However, the FTC never promulgated the proposed rule, leaving part 433 unchanged from its original version. *Heastie v. Community Bank of Greater Peoria*, 727 F.Supp. 1133 (N.D.Ill. 1989).

■ In the case at bar, the contract did not contain the Notice since the text of the Notice was printed in conjunction with recitals which limited or restricted its application. Specifically, on the reverse side of the contract, in small print, the contract stipulates: "Buyer agrees not to assert against the assignee of the holder of the note any claim Buyer may have against seller." Moreover, the non-responsibility clause stipulates that Blackmon understood that she had no defenses, set-off, or counterclaim against Dealer's Acceptance Corporation which held the promisory note. Consequently, Blackmon was left totally dependent for relief on applicable Missouri statutes and case law.

However, Blackmon neither pled nor proved the violation of any Missouri statute. Moreover, Blackmon neither pled nor proved any of the following: (1) economic coercion; (2) high pressure sales tactics;

(3) an inequality of position between her and the seller and/or financing party; (4) an undue harshness in the contract terms; (5) unreasonable qualification of her rights as asserted in fine print on the reverse side of the contract and in the non-responsibility clause; (6) oppression in the sense that the reverse side of the contract and the non-responsibility clause placed the burden of non-performance by the seller on the consumer, rather than on the lender, where the FTC attempted to place it by promulgating part 433; or any other claim. Thus, Blackmon is not entitled to relief.

Since the trial court's decision is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares or applies the law, the decision must be affirmed.

PUDLOWSKI, P.J., and CRIST, J., concur.